UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANTHONY CHERUBINO,**
**LUCILLE CHERUBINO,**
          **Plaintiffs,**

-vs-                                                **Case No. 6:07-cv-1314-Orl-19UAM**

**HOME DEPOT U.S.A., INC.,**

          **Defendant.**
_____

# ORDER

This case comes before the Court on the following:

1.    Defendant Home Depot U.S.A., Inc.'s Motion For Summary Judgment (Doc. No. 4, filed Aug. 21, 2007); and

2.    Plaintiffs Anthony and Lucy Cherubino's Response To Motion For Summary Judgment (Doc. No. 24, filed Aug. 26, 2007).[1]

## Background

Plaintiffs Anthony and Lucy Cherubino filed a Complaint against Defendant Home Depot for damages arising out of an accident that took place at a Home Depot store on July 28, 2005.

---

[1]    Plaintiffs' Response (Doc. No. 24) was received by the Clerk's office in hard copy on September 26, 2007. This Court previously gave notice that it would take Defendant's Motion under advisement on September 24, 2007. (Doc. No. 10, filed Aug. 24, 2007.) Plaintiffs' Response is thus two days late. No Motion to Strike was filed. The Response also fails to comply with the electronic filing requirements of this District. *See* CM-ECF Administrative Procedures 1, 3 (2007), *available at* http://www.flmd.uscourts.gov/CMECF/CM-ECF_ADMINISTRATIVE_PROCEDURES_03-15-07-FINAL.pdf. The Court admonishes counsel to be aware of and comply with all of the Local Rules. *See* Local Rules (2006), *available at* http://www.flmd.uscourts.gov/LocalRules.htm.

(Doc. No. 2 at pp. 2-3, ¶¶ 7, 12, filed Aug. 21, 2007.) Plaintiffs allege that Defendant "negligently operated or maintained the store and wheeled [shopping] cart during business hours so that [the cart] collided with Plaintiff, ANTHONY CHERUBINO, causing severe injuries." (*Id.* at p. 2, ¶ 8.) Due to Plaintiff Anthony Cherubino's injuries, Plaintiff Lucy Cherubino claims to have suffered a loss of consortium. (*Id.* at pp. 3-4, ¶ 12a-e.) Defendant denies these allegations and asserts twenty-three affirmative defenses. (Doc. No. 20, filed Aug. 21, 2007; *see also* Doc. No. 21, filed Aug. 21, 2007.) Defendant moves this Court to grant summary judgment against Plaintiffs. (Doc. No. 4 at p. 1, filed Aug. 21, 2007.) Plaintiffs have filed a Response in which they argue that summary judgment should be denied because there are genuine issues of material fact. (Doc. No. 24, filed Sept. 26, 2007.)

**Standard of Review**

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). An issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp.*, 357 F.3d at 1259. An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id.* at 1260. A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.*; *Anderson*, 477 U.S. at 251-52.

The party moving for summary judgment has the burden of proving that: (1) there is no genuine issue as to any material fact, and (2) it is entitled to judgment as a matter of law. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.* On the other hand, summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

## Analysis

For claims of negligence against business owners for injuries resulting from transitory foreign objects, the Florida Statutes define the duty of care owed to a business invitee and a claimant's burden of proof. *See* § 768.0710, Fla. Stat. (2007). A "person or entity in possession or control of business premises" is charged with the duty of "reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises . . . ." *Id.* § 768.0710(1). This duty includes making "reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury, or damage." *Id.* According to the Florida Supreme Court, a "transitory foreign object" is "any liquid or solid substance, item, or object located where it does not belong." *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 317 n. 1 (Fla. 2001), *quoted in Melkonian v. Broward County Bd. of Comm'rs*, 844 So. 2d 785, 786-77 (Fla. 4th DCA 2003).

This statute, effective by its own terms on May 30, 2002, also defines the burden of proof that a claimant shall have for "any civil action involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance on business premises." § 768.0710(2), Fla. Stat. This section requires a claimant to prove:

(a) The person or entity in possession or control of the business premises owed a duty to the claimant;
(b) The person or entity in possession or control of the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises. Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim. However, evidence of notice or lack of notice offered by any party may be considered together with all of the evidence; and
(c) The failure to exercise reasonable care was a legal cause of the loss, injury, or damage.

*Id.* This statutory definition follows the traditional negligence concepts of duty, breach, cause, and injury. *See id.*

As clarified by Florida courts, there are two basic duties that an owner or occupier of land owes an invitee: "(1) to use ordinary care in keeping the premises in a reasonably safe condition, and (2) to give timely notice of latent or concealed perils which are known or should be known to the owner, but which are not known to the invitee." *E.g.*, *Aaron v. Palatka Mall, L.L.C.*, 908 So. 2d 574, 577 (Fla. 5th DCA 2005) (citing cases). Florida's Fifth Circuit Court of Appeals has stated:

> When an injured party alleges that an owner or possessor breached the duty to keep the premises in a reasonably safe condition, an issue of fact is generally raised as to whether the condition was dangerous and whether the owner or possessor should have anticipated that the dangerous condition would cause injury . . . .

*Id.* at 578. As the above passage demonstrates, Florida courts have a strong policy preference for submitting negligence actions to the jury. *See, e.g.*, *id.*; *Food Lion, LLC v. Monument/Julington Ass'n*, 939 So.2d 1106, 1108 (Fla. 1st DCA 2006). When reviewing the propriety of a district court's

summary judgment in a diversity case, the Eleventh Circuit Court of Appeals has taken into consideration a strong state law policy for sending a particular matter to the jury. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1120-21 (11th Cir. 2005); *see also McElheny v. J.C. Penney Corp.*, No. 805-cv-1479-27-TGW, 2006 WL 2864427, at *1 (M.D. Fla. Oct. 5, 2006) (applying the Florida standard); *Steffen v. Akerman Senterfitt*, No. 804-cv-1693-24-MSS, 2005 WL 3277894, at *9 (M.D. Fla. Dec. 2, 2005) (same). Federal law also prefers to submit negligence actions to the jury. *See, e.g.*, *Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir. 1970);[2] *Gylten v. Swalboski*, 246 F.3d 1139, 1144 (8th Cir. 2001).

A factually similar Florida case is also instructive in this regard. In *Budet v. K-Mart Corp.*, a customer brought a negligence action against K-Mart for injuries sustained when the customer was struck by an oversized garden cart pushed by an unknown customer. 491 So. 2d 1248, 1250 (Fla. 2d DCA 1986). The customer argued that K-Mart was negligent in permitting customers to use carts that were approximately three-feet wide and five-feet long and "were unwieldy and not easily controlled by someone who was unfamiliar with their operation." *Id.* Florida's Second District Court of Appeals agreed that the customer's injuries could be a foreseeable consequence of K-mart permitting its customers to use the large carts. *Id.* at 1251. It further found, "K-mart [has] the duty to exercise ordinary care to keep its aisles and passageways in a reasonably safe condition." *Id.* at 1250. The Court therefore denied summary judgment, because "[t]he question of foreseeability as it relates to proximate cause and whether an intervening cause is foreseeable is for the trier of fact." *Id.* at 1251.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit Court of Appeals adopted the decisions of the former Fifth Circuit Court of Appeals that were handed down prior to October 1, 1981 as binding precedent.

Defendant argues that Plaintiff's allegations that Defendant did not open enough registers, keep the store organized, or situate the store and aisles properly are insufficient to prove that Defendant breached any duty owed to Plaintiff. (Doc. No. 4 at p. 4.) In support of its Motion, Defendant includes Plaintiff's Deposition (Doc. No. 4-2) and Response To Interrogatories (Doc. No. 4-3). The Court must consider these documents to determine whether summary judgment is appropriate, that is, whether the evidence raises a genuine issue of material fact. *See 5800 SW 74th Ave.*, 363 at 1101-03.

In Plaintiff's deposition, Plaintiff testified that he was waiting in the check out line at the Home Depot when the accident occurred. (Doc. no. 4-2 at p. 9.) There were two registers open, and Plaintiff was fourth in line for one of the registers. (*Id.*) Behind Plaintiff stood two customers pushing a "heavy cart that [customers] use for heavy lumber and heavy material." (*Id.* at pp. 11-12.) The customers had several pieces of eave dripping, a sheet of metal twelve to fourteen feet long, on the cart. (*Id.* at pp. 12-13.) The eave dripping was sticking out over the side of the cart. (*Id.* at pp. 11-12.) The cart itself was approximately three to four feet long and two feet wide and had a flat bed design with no side walls. (*Id.* at p. 13.) Plaintiff asserts that there were no handles on the cart and therefore Customers would have to pull the cart by the load that they carried. (*Id.*)

While Plaintiff was facing forward in line, his right ankle area was struck by the cart of the customers behind him. (*Id.* at pp. 10-11.) Plaintiff was thrown forward but was able to catch himself before he collided with anything else. (*Id.* at p. 11.) Another customer told Plaintiff that he was bleeding all over his leg. (*Id.*) Shortly thereafter, a Home Depot employee opened a third cash register, and the customers with the large cart turned to get in the other line. (*Id.* at pp. 11-12.)

When they were moving the cart to the other register, they struck Plaintiff again, this time on the left side of his right ankle area. (*Id.*)

Plaintiff alleges that the metal cart that struck him was very heavy and hard to handle. (*Id.* at pp. 13, 31.) He further alleges that the Home Depot store was in a "zoo" like state that day: there was not enough help, the store was disorganized, and the layout gave rise to dangerous conditions. (*Id.* at p. 21.) There was merchandise on display in the check out area, including tile, two by fours, batteries, and five-gallon containers of Sheetrock. (*Id.* at pp. 12, 21, 30.) The check out aisle was about four feet wide. (*Id.* at p. 30.) According to Plaintiff, it is difficult to maneuver a regular shopping cart through that aisle, much less a larger cart. (*Id.* at pp. 30-31.) Plaintiff stated that the large cart is just "too big and . . . tough to move." (*Id.* at p. 31.) Plaintiff further indicated that there was no separate line for larger items. (*Id.*)

To summarize, Plaintiff has testified to possible defects in the physical layout of the store. (*See id.* at pp. 12, 21, 30-31); *see also* § 768.0710(1), Fla. Stat. Plaintiff has also testified to the unwieldy nature of the large carts available for customer use. (*See* Doc. No. 4-2 at pp. 13, 31.) A jury could conclude that this evidence made Plaintiff's injury foreseeable. *See Budet*, 491 So. 2d at 1251. Furthermore, this allegation almost exactly matches one made in *Budet*, where Florida's Second District Court of Appeal found that the issue could not be resolved summarily. *See id.* Therefore, since Plaintiff's deposition raises a genuine issue of material fact as to whether Defendant maintained and operated its store in an unsafe manner, particularly in light of the strong preference of both Florida and federal courts for letting questions of negligence go to the jury, the Court must deny Defendant's Motion for summary judgment.


**Conclusion**

Based on the foregoing, the Court **DENIES** Defendant's Motion for summary judgment. (Doc. No. 4.)

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October 2, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record