UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANTHONY CHERUBINO,**
**LUCILLE CHERUBINO,**
                **Plaintiffs,**

-vs-                                                  **Case No. 6:07-cv-1314-Orl-19GJK**

**HOME DEPOT U.S.A., INC.,**

                **Defendant.**
_____

## ORDER

This case comes before the Court on Defendant Home Depot U.S.A., Inc.'s Motion For Involuntary Dismissal With Prejudice And/Or Sanctions For Failure To Comply With November 14, 2007 Court Order And Motion For Involuntary Dismissal For Perpetuating A Fraud Upon The Court (Doc. No. 41, filed Jan. 18, 2008). Plaintiffs Anthony and Lucy Cherubino have not filed a Response to this Motion.

**Background**

Plaintiffs Anthony and Lucy Cherubino filed a Complaint against Defendant Home Depot U.S.A., Inc. for damages arising out of an accident that took place at a Home Depot store on July 28, 2005. (Doc. No. 2 at pp. 2-3, ¶¶ 7, 12, filed Aug. 21, 2007.) Plaintiffs allege that Defendant negligently operated and maintained its store and shopping carts, which resulted in a cart colliding with Plaintiff Anthony Cherubino and causing injuries to him. (*Id.* at p. 2, ¶ 8.) Due to Plaintiff Anthony Cherubino's injuries, Plaintiff Lucy Cherubino claims to have suffered a loss of consortium. (*Id.* at pp. 3-4, ¶ 12a-e.) Defendant denies these allegations and asserts twenty-three affirmative

defenses. (Doc. No. 20, filed Aug. 21, 2007; *see also* Doc. No. 21, filed Aug. 21, 2007.)  The Court previously denied Defendant's Motion for Summary Judgment.  (Doc. No. 28, filed Oct. 2, 2007.)

Since Plaintiff Anthony Cherubino is claiming physical injuries as a result of Defendant's alleged negligence, Defendant filed a Motion for a Rule 35 Examination.  (Doc. No. 30, filed Oct. 30, 2007.) United States Magistrate Judge Dietrich granted this order and directed Plaintiff Anthony Cherubino to present himself for physical examination by Dr. Halperin at the Orlando Orthopedic Center on December 6, 2007 at 2:30 p.m.  (Doc. No. 33 at p. 2, filed Nov. 14, 2007.)  Defendant asserts that Plaintiff Anthony Cherubino failed to comply with this Order and did not show up at Dr. Halperin's office as scheduled.  (Doc. No. 41 at p. 2, ¶ 5, filed Jan. 18, 2008.)  Because of this failure to comply, Defendant seeks sanctions against Plaintiff Anthony Cherubino as well as dismissal based on such Plaintiff's alleged fraud upon the Court.  (*Id.* at pp. 2-3, ¶ 7a-g.)  Plaintiffs have not filed any Response to Defendant's Motion and accordingly have not offered any explanation for the failure to comply or any opposition to Defendant's request for sanctions.

**Analysis**

**I.    Motion for Sanctions for Failure to Attend Rule 35 Examination**

Federal Rule of Civil Procedure 37(b) gives district judges broad discretion in fashioning appropriate sanctions for violation of discovery orders.  *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).  This Rule provides: "If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person." Fed. R. Civ. P. 37(b)(2)(B).  The listed orders are:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

      (ii)      prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
      (iii)     striking pleadings in whole or in part;
      (iv)     staying further proceedings until the order is obeyed;
      (v)      dismissing the action or proceeding in whole or in part;
      (vi)     rendering a default judgment against the disobedient party . . . .

*Id.* at R. 37(b)(2)(A)(i)-(vi). Another section of the Rule provides:

> Instead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

*Id.* at R. 37(b)(2)(C) (emphasis added).

The Eleventh Circuit Court of Appeals has offered some guidance about the propriety of the sanctions permitted under this Rule: "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Malautea*, 987 F.2d at 1542. The Court continued, "Finally, the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.*; *see also Mene v. Marriott Int'l, Inc.*, 238 F. App'x 579, 581-82 (11th Cir. 2007).[1]

---

[1] In *Mene*, the Eleventh Circuit explained:

> We have recognized that "[d]ismissal with prejudice is the most severe Rule 37 sanction and is not favored . . . [b]ut, dismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault.' . . . Dismissal is not an abuse of discretion "[w]hen a party demonstrates a flagrant disregard for the court and the discovery process." . . . In reviewing whether the district court properly dismissed the action, "one consideration is whether a less drastic but equally effective remedy could have been fashioned."

238 F. App'x at 582 (internal citations omitted).

In the current case, Defendant argues that Plaintiff Anthony Cherubino should be sanctioned for failing to show up for the Rule 35 Examination as ordered by Judge Dietrich. (Doc. No. 41 at pp. 2-3, 18-19.) The Court finds that an evidentiary hearing may be warranted and refers this matter to the Magistrate Judge for Report and Recommendation as to what sanctions are appropriate under Rule 37. *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 6.01(c)(18).

### II.     Motion to Dismiss for Fraud

The Eleventh Circuit has affirmed dismissal of an action as an appropriate sanction for fraud upon the court. *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335-36 (11th Cir. 2002). As the former Fifth Circuit Court of Appeals explained: "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).[2] The Eleventh Circuit has further stated, "We have consistently held that a fraud between parties is not a fraud on the court." *Patterson v. Lew*, No. 07-13227, 2008 WL 382658, at *1 (11th Cir. Feb. 13, 2008). The Eleventh Circuit explained of a previous case, "We even declared in that case that perjury does not constitute fraud on the court." *Id.* (citing *Sec. & Exch. Comm'n v. ESM Group, Inc.*, 835 F.2d 270, 273 (11th Cir. 1988)).

In this case, Defendant seeks dismissal due to an alleged fraud upon the Court. (Doc. No. 41 at pp. 3-22.) Specifically, Defendant claims:

---

[2]     The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

> The defendant has engaged in extensive discovery in this case and the foregoing assertions have been proven to be false and these misrepresentations have permeated the entire case against Home Depot. These misrepresentations reflect an attempt to deceive defense counsel and perpetuate a fraud upon the Court. The attempt to deceive has prejudiced defense counsel in the investigation and preparation of a defense.

(*Id.* at p. 3, ¶ 10.)  Defendant then cites a number of responses to interrogatories and portions of Plaintiff Anthony Cherubino's deposition that it asserts are false or misleading. (*Id.* at pp. 4-18.) These allegations, when viewed in isolation, would constitute fraud between the parties alone. However, when viewed in combination with Plaintiff Anthony Cherubino's failure to comply with Judge Dietrich's Order, these allegations suggest a pattern of improper conduct for which more stringent sanctions may be warranted. Therefore, the Court refers this matter also the Magistrate Judge for Report and Recommendation as to appropriate sanctions.

## Conclusion

Based on the foregoing, the Court **REFERS** Defendant's Motion at Docket Number 41 to the United States Magistrate Judge for Report and Recommendation as to what sanctions are appropriate against Plaintiffs in this case. (Doc. No. 41.)

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 15, 2008.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record